IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**DAVID A. ECKHART and JUAN M. PEREZ CARDENAS,**<br><br>　　　　　　Defendants. | **ORDER**<br><br>Case No. 2:05CR529DAK |

　　　　This matter is before the court on Plaintiff United States of America's Objection to the Report and Recommendation Regarding the Issue of Standing, and Defendant Juan M. Perez Cardenas's Objection to Report and Recommendation of the United States District Court Magistrate Judge. This case was referred to the Magistrate Judge Samuel Alba under 28 U.S.C. § 636(b)(1)(B). On March 8, 2006, Magistrate Judge Alba issued a thorough Report and Recommendation on Defendant Cardenas's Motion to Suppress, recommending that the motion be denied.

　　　　On March 14, 2006, the government filed an objection to the Report and Recommendation based on the court's finding of standing. On March 16, 2006, Defendant Cardenas filed his objection to the other portions of the Report and Recommendation. Defendant requested a hearing on his objection. The court, however, does not believe that a hearing would significantly aid in the court's determination of the objections.

The Magistrate Judge's Report and Recommendation is subject to *de novo* review by this court.  *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b).  The court has reviewed *de novo* the parties' objections to the Magistrate Judge Alba's Report and Recommendation, the Report and Recommendation, the relevant memoranda on Defendant's motion to suppress, and the transcripts from the evidentiary hearing on the motion to suppress.

This court adopts Magistrate Judge Alba's Report and Recommendation with the exception of the conclusion that Defendant has standing.  Magistrate Judge Alba aptly recognized that the standing issue was close, but the court agrees with the government's analysis of the standing issue.  It is Defendant's burden to establish standing.  *United States v. Hocker*, 333 F.3d 1206, 1208 (10th Cir. 2003).  Defendant, however, did not establish "that he gained possession from the owner or someone with authority to grant possession."  *Id.*

Because Defendants' statements to Trooper Gould were inconsistent and implausible, this court believes that they cannot provide adequate support for a finding that Defendant had a legitimate possessory interest in or lawful control over the truck.  Cardenas stated that the owner of the vehicle was his uncle in California, who had just purchased the truck.  Cardenas, however, had no registration or bill of sale for the vehicle.  While documentary evidence is not necessary, Cardenas stated that his uncle's name was Jose while Eckhart said that the uncle's name was Pedro.  The registration, which was run later by Trooper Gould, listed the owner as Gustavo Martinez–neither a Pedro nor a Jose.  Cardenas also provided Trooper Gould with the telephone number for his uncle Jose.  But when dispatch called the number, the person who answered stated that the truck had been sold.  The court finds that there is no credible evidence that

2

Defendant's uncle owned the truck or allowed Defendant to borrow the truck. Defendant's burden must be more than merely uttering that someone allowed him to borrow the vehicle regardless of such statement's credibility. However, even if that is all that is necessary, the government has adequately demonstrated that the statements were not worthy of belief. Therefore, Defendant has not met his burden to establish standing to challenge the search of the truck and its contents.

The court's disagreement on the standing issue does not alter the disposition of the motion. The court finds no merit to Defendant's objections regarding the remaining issues in the Report and Recommendation. The court agrees with the remainder of the Report and Recommendation in its entirety and adopts it as the Order of this court.

For the foregoing reasons, and good cause appearing, it is hereby ordered that Magistrate Judge Alba's Report and Recommendation dated March 8, 2006, is affirmed with the exception of the finding that Defendant had standing. Defendant's Motion to Suppress, therefore, is denied.

DATED this 10th day of April, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge